*892 In a hybrid action pursuant to RPAPL article 15, inter alia, for a judgment declaring that the plaintiff has the right to redeem certain real property, and proceeding pursuant to CPLR article 78 to review a determination of the County of Suffolk and Patricia B. Zielenski, as Division Director of the Suffolk County Department of Planning, Division of Real Estate, dated April 9, 2004, which cancelled the redemption of the subject property, the appeal is from a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered January 25, 2011, which, upon an order of the same court dated November 18, 2010, among other things, granting the motion of the plaintiff/ petitioner for summary judgment, declared that the deeds which conveyed the subject property first to the County of Suffolk and subsequently to Steven J. Macchio and Ralph Macchio are illegal, null, and void, and that the plaintiff/petitioner redeemed and is the owner of the subject property, and dismissed the CPLR article 78 proceeding as academic.
Ordered that the judgment is affirmed, with costs.
In December 1996, the plaintiff/petitioner, Bridgehampton Development Corp. (hereinafter Bridgehampton), purchased the subject real property located in Southampton from Samuel D. Waksal. At the time, the 1996/1997 real property taxes were not paid. In October, November, and December, 1997, the County of Suffolk published in public newspapers notices of a tax lien sale to recover the unpaid taxes on the property, but did not directly mail notice of the tax lien sale to the owner of the property. After the tax lien sale was completed, the County published notices of the owner’s right to redeem the property for the three months leading up to the redemption deadline. The County also mailed notice of the owner’s right to redeem the property to Bridgehampton at the address listed on the deed. However, the notice was returned as undeliverable. No further attempt was made with regard to the provision of notice of the owner’s right of redemption. On August 9, 1999, the property was deeded to the County, and subsequently sold at public auction to Steven J. Macchio and Ralph Macchio (hereinafter together the Macchios). Before title was transferred to the Macchios, Bridgehampton became aware of the tax lien sale and attempted to redeem the property. Even though Bridgehampton paid all back taxes, fees, and interest, the redemption of the property was “cancelled” on April 9, 2004, and the property was conveyed to the Macchios.
Bridgehampton commenced this hybrid action for declaratory relief and proceeding pursuant to CPLR article 78, and moved for summary judgment on the complaint in the action, arguing *893 that constitutionally adequate notice had not been provided to it prior to the sale of the tax liens on the property. Bridgehampton argued that, as a consequence, it was entitled to a declaration that it had the right to redeem the property, and that the deeds which conveyed the property first to the County and then to the Macchios are null and void. The County and Patricia B. Zielenski (hereinafter together the appellants) opposed the motion, and cross-moved for summary judgment.
In an order dated November 18, 2010, the Supreme Court, inter alia, granted Bridgehampton’s motion for summary judgment, concluding that the County did not mail notice of the tax lien sale, but instead relied on publication alone in its attempt to notify Bridgehampton of the possible loss of its real property due to a tax delinquency. Judgment was entered in Bridgehampton’s favor on January 25, 2010, Bridgehampton was declared the owner of the subject property, and the deeds conveying the property first to the County and subsequently to the Macchios were declared illegal, null, and void. This appeal ensued.
In support of its motion for summary judgment, Bridgehampton established its prima facie entitlement to judgment as a matter of law by demonstrating that, prior to the sale of the tax liens on the property to the County on December 12, 1997, the only notice provided by the County of this tax lien sale was publication in local newspapers. While notice by publication of a tax lien sale is required by the Suffolk County Tax Act (L 1920, ch 311, as amended; L 1929, ch 152, as amended; see Suffolk County Tax Act § 42), the Suffolk County Tax Act also requires that notice be mailed to the “owner or occupant of or party in interest in a parcel or parcels” (Suffolk County Tax Act § 26 [2]).
Moreover, the United States Supreme Court has held that “[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party” (Mennonite Bd. of Missions v Adams, 462 US 791, 800 [1983]). “[N]otice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question” (Schroeder v City of New York, 371 US 208, 212-213 [1962]).
In opposition to Bridgehampton’s prima facie showing, the appellants failed to raise a triable issue of fact as to whether they satisfied the due process rights of Bridgehampton by furnishing constitutionally adequate notice of the sale of the tax lien. The appellants do not dispute that they did not mail notice *894 of the sale of the tax lien to the owner prior to the date of the tax lien sale. Since the notice was never mailed to Bridgehampton at its actual address, and, thus, Bridgehampton was not provided with actual notice of the tax lien sale, the Supreme Court properly held that its right to due process of law was violated (see Matter of McCann v Scaduto, 71 NY2d 164, 177 [1987]), and properly granted Bridgehampton’s motion for summary judgment.
The appellants’ remaining contentions are without merit. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.